```
 1  Vincent P. Hurley #111215
    J. Omar Rodriguez #252886
 2  LAW OFFICES OF VINCENT P. HURLEY
    A Professional Corporation
 3  38 Seascape Village
    Aptos, California 95003
 4  Telephone: (831) 661-4800
    Facsimile: (831) 661-4804
 5
    Attorneys for Defendants
 6  CITY OF MONTEREY, TIM SHELBY,
    OFFICER KRIS RICHARDSON, and OFFICER JOHN OLNEY
 7
    Benjamin Nisenbaum, Esq. SBN 222173
 8  John L. Burris, Esq. SBN 69888
    LAW OFFICES OF JOHN L. BURRIS
 9  Airport Corporate Centre
    7677 Oakport Street, Suite 1120
10  Oakland, CA 94621
    Telephone: (510) 839-5200
11  Facsimile: (510) 839-3882
    Attorneys for Plaintiff
12
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. ROBERT KILLIAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF MONTEREY, TIM SHELBY in his official capacity as Chief of Police for the CITY OF MONTEREY, OFFICER KRIS RICHARDSON individually and in his official capacity as Police Officer for the CITY OF MONTEREY, OFFICER JOHN OLNEY individually and in his official capacity as Police Officer for the CITY OF MONTEREY, and DOES 1-25, INCLUSIVE,<br><br>    Defendants. | Case No. C12-5418-PSG<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: December 18, 2012<br>Time: 2:00 p.m.<br>Judge: The Honorable Paul S. Grewal<br><br>Action Filed: October 19, 2012<br><br>Trial Date: None Set |

Plaintiff J. ROBERT KILLIAN, Defendants CITY OF MONTEREY, TIM SHELBY, KRIS RICHARDSON, and JOHN OLNEY jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case:

**1. JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1331, as this civil action arises under the constitution and laws of the United States based on Plaintiff's alleged 42 U.S.C. § 1983 claim.

**2. FACTS**

A. Agreed Facts

On February 4, 2011, Plaintiff was detained by Defendant Officer Richardson when he was found parked in a red zone partially blocking a left turn lane, and participated in field sobriety tests. Plaintiff was subsequently arrested for driving under the influence. Defendant Officer Olney was present during portions of the detention and arrest.

B. Factual Issue in Dispute

The parties dispute whether Plaintiff displayed physical manifestations of a disability to the Defendant Officers.

**3. LEGAL ISSUES**

A. Plaintiffs:

1) Whether Defendant Officers arrested Plaintiff without probable cause.

2) Whether Defendant Officers arrested Plaintiff with malice.

3) Whether Defendant CITY failed to accommodate Plaintiff's recognized disability.

4) Whether Defendant CITY had a policy or practice authorizing violation of Plaintiff's rights.

5) Whether Defendant SHELBY ratified Unconstitutional conduct by Defendant Officers causing Plaintiff's damages.

B.      Defendants:

1) Whether Officers Richardson and Olney had reasonable suspicion to detain and probable cause to arrest Plaintiff.

2) Whether the City and Defendant Shelby permitted or created a departmental policy that encouraged the disregard of constitutional rights by failing to adequately train officers; and the legal measure of any damages.

**4.      MOTIONS**

Defendants filed a motion to dismiss on November 28, 2012. The matter will be heard on January 8, 2013. Plaintiff intends to file a statement of non-opposition to the motion.

**5.      AMENDMENT OF PLEADINGS**

Defendants have filed a motion to dismiss Plaintiff's ADA claim under 42 U.S.C. §12132, claims against the individually named Defendants, and Plaintiff's prayer for punitive damages against the City.

At this point, Plaintiffs do not intend to amend the complaint, unless or until discovery yields additional evidence against Defendants not yet known to Plaintiff.

**6.      EVIDENCE PRESERVATION**

Defendants' evidentiary materials relevant to the issues of this case are primarily documentary and have been stored in a manner to ensure preservation. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action.

Plaintiff has preserved evidence known to him.

**7.      DISCLOSURES**

Defendants have offered to produce relevant police reports and photographs related to the incident, relevant parts of Officer Richardson's personnel file, and the internal affairs investigation report, which was conducted in response to the incident, subject to a protective order. Defendants have provided Plaintiffs' counsel a form of protective order.

1   Plaintiff will make his initial disclosures by the date of the Case Management Conference
2   in this matter.

3   **8.     DISCOVERY/SCHEDULING**

4   Discovery in this case will not be sufficiently complex to warrant conducting discovery
5   in phases.  The parties stipulate that each party may propound written interrogatories, requests
6   for admissions, and requests for production of documents in accordance with the Federal Rules
7   of Civil Procedure and Local Rules.  The parties further stipulate that the number and length of
8   oral depositions, including expert witness depositions, will be conducted in accordance with
9   Federal Rule of Civil Procedure 30 and the Local Rules.

10  **9.     CLASS ACTIONS**

11  Not Applicable.

12  **10.    RELATED CASES**

13  There are no other related cases.

14  **11.    RELIEF**

15  Plaintiff seeks general damages, special damages, punitive damages and attorneys fees.

16  **12.    SETTLEMENT and ADR**

17  Defendants have agreed to participate in Early Neutral Evaluation.  Plaintiff does not
18  agree to participate in Early Neutral Evaluation, but is willing to participate in Mediation.

19  **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

20  Defendants consent to the magistrate for all purposes.

21  **14.    OTHER REFERENCES**

22  This case is not suitable for reference to binding arbitration, a special master, or the
23  Judicial Panel or Multidistrict Litigation.

24  **15.    NARROWING OF ISSUES**

25  Defendants feel the following issues may be narrowed by motions:  42 U.S.C. § 12132
26  claims against the individually named Defendants and Plaintiff's prayer for punitive damages
27  against the City.  The parties do not wish to bifurcate any issues and/or defenses at this time;
28  however, the parties wish to reserve their rights to do so as the litigation progresses.

**16.   EXPEDITED TRIAL PROCEDURE**

The parties do not agree to an expedited trial.

**17.   SCHEDULING**

| | |
|---|---|
| Non-expert Discovery Cut-off: | August 16, 2013 |
| Expert Designation and Reports Due: | August 30, 2013 |
| Expert Discovery Cut-Off: | September 30, 2013 |
| Last Day to File Dispositive Motions: | October 25, 2013 |
| Last Day for Dispositive Motion Hearing: | November 29, 2013 |
| Pre-Trial Conference: | January 17, 2013 |
| Trial: | February 17, 2014 |

**18.   TRIAL**

Jury trial.  Estimated three to five days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The City of Monterey is a government agency and exempt from disclosure under Local Rule 3-16(a).  Otherwise, the remaining Defendants will make a certification that no such interested third party or person is known to Defendants.

Plaintiff knows of no such entities or persons.

**20.   OTHER MATTERS**

None known.

Dated:  December 11, 2012

    LAW OFFICE OF JOHN L. BURRIS

    By:   /s/ Benjamin Nisembaum
    BENJAMIN NISENBAUM
    Attorneys for Plaintiff J. ROBERT KILLIAN

Dated:  December 11, 2012

    LAW OFFICES OF VINCENT P. HURLEY
    A Professional Corporation

    By:   /s/ J. Omar Rodriguez
    J. OMAR RODRIGUEZ
    Attorneys for Defendants CITY OF MONTEREY, TIM SHELBY, OFFICER KRIS RICHARDSON, and OFFICER JOHN OLNEY

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition the Court orders:

Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.

Dated: _____

_____<br>
PAUL S. GREWAL<br>
United States Magistrate Judge