1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11  J. ROBERT KILLIAN,                    )   Case No. 5:12-cv-05418-PSG
                                          )
12                      Plaintiff,        )   **ORDER GRANTING MOTION FOR**
          v.                              )   **SUMMARY JUDGMENT AND**
13                                        )   **MOTION TO WITHDRAW**
    CITY OF MONTEREY, et al.,             )
14                                        )   **(Re: Docket Nos. 43 and 45)**
                        Defendants.       )
15  _____ )

16         Before the court is Defendants Kris Richardson and John Olney's motion for summary

17  judgment as to Plaintiff J. Robert Killian's remaining equal protection claim[1] and Ben

18  Nisenbaum's motion to withdraw as counsel of record for Killian.[2]  Killian has not filed any timely

19  opposition to either motion.[3]  With the benefit of the parties' prior summary judgment argument,[4]

20

21  the court finds this additional motion for summary judgment suitable for disposition on the papers.[5]

22  _____

23  [1] *See* Docket No. 45.

24  [2] *See* Docket No. 43.

25  [3] *See* Civil L.R. 7-3 ("The opposition must be filed and served not more than 14 days after the
    motion was filed.").

26  [4] *See* Docket No. 31.

27  [5] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's
    approval, a motion may be determined without oral argument or by telephone conference call.").

28
                                         1

In the interests of expediency, the court will turn directly to the motion before it.[6]

In its prior summary judgment order, the court noted that although Defendants sought summary judgment as to all of Killian's claims, Defendants did not "substantively address" why summary judgment was warranted on Killian's equal protection claim related to Officers Richardson and Olney.[7]  Because the current motion remedies that defect, summary judgment on the sole remaining equal protection claim is warranted.

## I. LEGAL STANDARDS

### A.    Summary Judgment

Pursuant to Fed. R. Civ. P. 56(a), the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]  Material facts are those that may affect the outcome of the case.[9]  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.[10]  When the parties file cross-motions for summary judgment, the district court must consider all of the evidence submitted in support of both motions to evaluate whether a genuine issue of material fact exists precluding summary judgment for either party.[11]

### B.    Qualified Immunity

Qualified immunity shields government officials from civil liability under Section 1983

---

[6] Unfamiliar readers are directed to the court's Order Granting-in-Part Defendants' Motion for and Denying Killian's Cross-Motion for Summary.  *See* Docket No. 32 at 1-10.

[7] *See* Docket No. 32 at 21.

[8] Fed. R. Civ. P. 56(a).

[9] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.").

[10] *See id.*

[11] *See Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (the "court must review the evidence submitted in support" of each cross-motion).

Case No. 5:12-cv-05418-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW

where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[12]  "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[13]

A police officer is entitled to qualified immunity from a civil rights action unless, under the particularized circumstances he faced at the time of his actions, it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted.[14]  The issue of qualified immunity requires a determination of: (1) whether the facts show the officer's conduct violated a constitutional right and (2) whether the right was clearly established.[15]  The court may evaluate the two prongs in any order.[16]  It is the responsibility of the jury, not the judge, to determine any disputed foundational or historical facts that underlie the determination of whether an officer is entitled to qualified immunity.[17]

---

[12] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (government officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person" would have known).

[13] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

[14] *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

[15] *See Pearson*, 555 U.S. at 232 ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.").

[16] *See id.* at 236 ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

[17] *See Acosta v. City & Cnty. of San Francisco*, 83 F.3d 1143, 1147 (9th Cir. 1996) ("Regardless of who makes the ultimate determination as to qualified immunity, the jury, not the judge, must decide the disputed 'foundational' or 'historical' facts that underlie the determination."); *see also Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995) ("The threshold determination of whether the law is clearly established is a question of law for the court. The second part of the test, whether a reasonable state official could have believed the action taken

Case No. 5:12-cv-05418-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO
WITHDRAW

United States District Court
For the Northern District of California

1
2
3
4

In this case, Killian "bears the burden of proving that the rights" he "claims were 'clearly established' at the time of the alleged violation."[18]  The burden is on the government, however, to show that "a reasonable police officer could have believed, in light of the settled law, that he was not violating a constitutional or statutory right."[19]

5

**C.      Equal Protection**

6
7
8
9
10
11
12
13
14
15
16
17

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."[20]  "To prevail on an equal protection claim under the 'Fourteenth Amendment, a plaintiff must demonstrate that enforcement [of the laws] had a discriminatory effect and the police were motivated by a discriminatory purpose.'"[21]  "Enforcement may be shown through a variety of actual or threatened arrests, searches and temporary seizures, citations, and other coercive conduct by the police."[22]  In order to prove a discriminatory effect, "the claimant must show that similarly situated individuals" were not prosecuted.[23]

18
19
20

was lawful, is a mixed question of law and fact.  It involves an objective test of whether a reasonable official could have believed that his conduct was lawful in light of what he knew and the action he took.  If there are genuine issues of material fact in issue relating to the historical facts of what the official knew or what he did, it is clear that these are questions of fact for the jury to determine.") (citations omitted).

21

[18] *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir. 1998) (citing *Davis v. Scherer*, 468 U.S. 183, 197 (1984)).

22

[19] *Gasho v. United States*, 39 F.3d 1420, 1438 (9th Cir. 1994).

23
24

[20] *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

25
26

[21] *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012) (quoting *Rosenbaum v. City & Cnty. of S.F.*, 484 F.3d 1142, 1152 (9th Cir. 2007)); *see also Wayte v. United States*, 470 U.S. 598, 608, (1985).

27

[22] *Id.* (citing *Rosenbaum*, 484 F.3d at 1152) (additional citation omitted).

28

[23] *United States v. Armstrong*, 517 U.S. 456, 465 (1996); *see also Lacey*, 693 F.3d at 921.

4

Case No. 5:12-cv-05418-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW

**D.      Motion to Withdraw**

Civil L.R. 11-5 provides: "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."  "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."[24]

## II. DISCUSSION

**A.      Killian Has Not Identified Any Similarly-Situated Individual Who Was Treated Differently**

In its prior order the court held that "a reasonable jury could only find" that Officers Richardson and Olney had "probable cause" to arrest Killian.[25]  The court also found that there was "no dispute that Olney had seen Killian driving an hour before at a different location at a time when his behavior was markedly" different and that later the car was found "at a different location" with Killian in the driver's seat.[26]  The court also found that there was "no dispute" that "the car obstructed both pedestrian and vehicular" traffic and Killian had "consumed opiate and benzodiapine medication" and "performed poorly on sobriety tests."[27]  Moreover, "the hour was late" and "Killian's car was illegally parked across an entire crosswalk at a four-way intersection with several stop lights."[28]  In light of the uncontroverted factual record summary judgment also is warranted on Killian's remaining equal protection claim. Because Killian has not identified similarly-situated individuals who were treated differently, a reasonable jury could only find that

---

[24] *Irwin v. Mascott*, Case No. 3:97-cv-04737-JL, 2004 U.S. Dist. LEXIS 28264, at *3-4 (N.D. Cal. Dec. 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982) (explaining the "grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court")).

[25] Docket No. 32 at 17.

[26] *Id.*

[27] *Id.*

[28] *Id.*

Case No. 5:12-cv-05418-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW

United States District Court
For the Northern District of California

the defendant officers did not violate Killian's constitutional right to the equal protection of the laws.  Because Killian cites no case law that the defendant officers violated any clearly established constitutional right by acting on the probable cause that was present when they arrested Killian, the officers are entitled to qualified immunity on Killian's equal protection claim.  Summary judgment on Killian's equal protection claim therefore is GRANTED.

**B.**     **Nisenbaum's Motion to Withdraw as Killian's Counsel of Record**

Killian's counsel Benjamin Nisenbaum moves to withdraw from his representation in this case because Nisenbaum and Killian have reached an impasse about whether or not and under what circumstances the case should proceed.[29]  That motion is unopposed and has been filed on the docket.[30]  The court discussed the issue at a hearing which was attended by Nisenbaum, Killian and Defendants' counsel of record, Omar Rodriguez.[31]  Because the court believes that both Killian and Nisenbaum would be best-served by permitting Nisenbaum to withdraw, the court GRANTS Nisenbaum's motion.  Killian is reminded that now that Nisenbaum is no longer counsel of record

---

[29] *See* Docket No. 43-1 at ¶¶ 3-4

3. The instant lawsuit was filed in this Court on October 19, 2012. The parties conducted complete and full discovery.  Both Plaintiff, ROBERT KILLIAN and Defendants timely filed Cross-Motions for Summary Judgment.  The Court ruled on the parties' Cross-Motions for Summary Judgment on December 13, 2013, granting summary adjudication on all claims in favor of defendants except an equal protection claim against which defendants did not move.  The parties subsequently engaged in settlement negotiations.  A settlement, approved by Mr. KILLIAN, was reached on January 13, 2014.  Since then, Mr. KILLIAN has refused to sign the written agreement reflecting the terms of the settlement.

4. Mr. KILLIAN and I have reached irreconcilable differences over how to proceed in this matter.  I therefore ask the Court to allow this law office to withdraw as counsel of record. I have advised Mr. KILLIAN in writing of the pendency of the instant Motion to Withdraw as his counsel of record, as well as the pending Order to Show Cause (including a copy of the Order to Show Cause), and all its particulars, including the Court's Order that he appear on March 25, 2014 at 9:00 a.m. in Courtroom 5 on the Fourth Floor, and the address of the Courthouse, when he can address both the Order to Show Cause and the instant Motion to Withdraw as his counsel of record.

[30] *See* Docket No. 43.

[31] *See* Docket No. 44.

6

Case No. 5:12-cv-05418-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW

1    in this case, he may seek advice from Federal Legal Assistance Self-Help Center ("FLASH")

2    located on the second floor of the courthouse, here, in San Jose.

3    **IT IS SO ORDERED.**

4    Dated: April 16, 2014

5

6                                              _____
                                               PAUL S. GREWAL
7                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. 5:12-cv-05418-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO
WITHDRAW

United States District Court
For the Northern District of California